IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL W. WAGNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-713-SMY |
| | ) |
| **HARBOR FREIGHT TOOLS USA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff's Motion to Seal Exhibits (Doc. 43). Plaintiff requests that this Court seal exhibits 1-7 attached to Plaintiff's Motion to Compel (Doc. 40) and exhibits 1-2 attached to Plaintiff's Memorandum in Support (Doc. 41) because they potentially qualify as confidential documents under the Stipulated Protected Order (Doc. 25).

The Seventh Circuit has articulated a rigorous standard for demonstrating good cause to seal documents. While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record . . . those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, sealing documents is not justified simply by an agreement between the parties to keep matters private.

Here, Exhibits 1-7 attached to Plaintiff's Motion to Compel consist of written discovery and e-mail communications between counsel; Exhibits 1-2 attached to Plaintiff's Memorandum in Support are claim notes (partially redacted) and a generic claims process overview. These documents do not appear to involve trade secrets, private medical records, or information related to minors, and Plaintiff's motion does not satisfy the standards set out in *Baxter*. Accordingly, Plaintiff's Motion to Seal Exhibits (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 11, 2024**

**STACI M. YANDLE**
**United States District Judge**